UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAZEN MOHAMMAD SHWEIKA,

    Plaintiff,                            CASE NO. 07-10870

v.                                   DISTRICT JUDGE THOMAS LUDINGTON
                                     MAGISTRATE JUDGE CHARLES BINDER

MICHAEL CANNON, MICHAEL
CHERTOFF, UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICE, GREGORY CHRISTIAN,
SANDRA HEATHMAN, JAMES
REEVES, DONALD MONICA,
MERYL FINNERTY, IOLA BEBEKOV,
O. DOMENECH, and ALBERTO,
GONZALES,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO REMAND**
(Dkt. 15)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED** and that Defendants' alternative motion for Remand be **GRANTED**.

## II.    REPORT

Pending, pursuant to an Order of Reference From District Judge Thomas Ludington issued July 31, 2007 (Dkt. 17) is Defendants' Motion to Dismiss or in the alternative to Remand. (Dkt. 15.) Plaintiff responded to the motion (Dkt. 16) and oral argument was held on August 14, 2007. Having been fully advised in the premises, this matter is now ready for Report and Recommendation.

**A. Factual Background**

The facts are not . Plaintiff is a permanent resident of the United States and applied for naturalization by filing the requisite forms in January of 2004. (Dkt. 1, ¶¶ 8-10 and Ex. 1 (Affidavit of Plaintiff), ¶ 1.) Around August 11, 2004, Plaintiff was fingerprinted at the United States Citizenship and Immigration Service ("USCIS") Application Support Center in Miami, Florida. (Dkt. 1, Ex. 1 ¶ 2.) Later in August of 2004, Plaintiff was interviewed at the USCIS Miami Office and completed and passed United States History and English exams. (*Id.* ¶ 3.) Plaintiff attended a second interview with Defendant Bebekov around August 15, 2005, and provided supplementary documentation as requested by the USCIS and was informed that his application was pending subject to a background check. (*Id.* ¶ 4.) Around October 24, 2005, Plaintiff met with Defendant Domenech as was informed that his application was "awaiting a FBI background check." (*Id.* ¶ 5.) Around December 2, 2005, Plaintiff was fingerprinted for a second time to aid in the background check. (*Id.* ¶ 6.) Plaintiff moved to Michigan in January of 2006 and he provided the USCIS with his change of address information. (*Id.* ¶ 7.) Plaintiff requested updates on his application several times and was told that his background check was still pending. (*Id.* ¶ 8-11.) Plaintiff has not received a decision from the USCIS regarding his naturalization application. (*Id.*)

**B. Analysis**

Defendants contend that this Court lacks jurisdiction under 8 U.S.C. § 1447(b) which provides for federal district court jurisdiction "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted." If the Court does have jurisdiction, that jurisdiction is exclusive. *Etape v. Chertoff*, 497 F.3d 379, 383 (4th Cir. 2007)("we can only conclude that a proper § 1447(b)

petition vests the district court with exclusive jurisdiction, unless and until the court 'remand[s] the matter' to the CIS."), *accord, United States v. Hovsepian*, 359 F.3d 1144, 1159 (9th Cir. 2004)(en banc).

The parties agree that the central legal question is whether "examination" refers to the date of in-person interview or the completion of the entire background check and interview process. If the interview conducted either initially in August of 2004, or secondarily on October 24, 2005, is the "examination," then this Court has jurisdiction because 120-days have surely passed. However, if "examination" refers to the entire process, then the 120-day period has not yet been triggered since Plaintiff's background check has not been completed.

At oral argument, the government relied on the Fifth Circuit's holding in *Walji v. Gonzales*, ___ F.3d ___, 2007 WL 1747911 (5th Cir. June 19, 2007). However, since oral argument, that opinion has been withdrawn and superseded with a new opinion. In *Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007), the Fifth Circuit joined the majority of courts addressing this issue and concluded that the "term 'examination' in § 1447(b) refers to a discrete event–the agency's initial interview of the applicant–and that the 120-day period begins to run as of the date that interview is conducted." *Walji*, 500 F.3d at 435. The court noted that the statute's reference to "the date on which the examination is conducted" contemplates a particular date, not the conclusion of a process. *Id.* at 436. Further, the court noted that the statutory scheme distinguishes between the investigation and the examination and does not refer to the investigation as a subpart of any examination process. *Id.* Finally, the court noted that legislative history behind the Act supported its conclusion because the Act's purpose was to reduce the waiting time for naturalization applications. *Id.* at 437-38. The court recognized that background checks should be completed before adjudication of a naturalization application and that the FBI has faced

3

increased workloads since September 11, 2001. However, the court also noted that "if the triggering date were the date on which the entire process was concluded, irrespective of the interview date, the applicant would have no recourse for delays and courts could do nothing to encourage or require the CIS and the FBI to act in a timely fashion...[t]hat would entirely erase the effect of § 1447." *Id.* at 438-39.

I further note that the agency's own regulations provide that "each applicant shall appear in person before a Service officer designated to conduct examinations pursuant to § 332.1...[t]he examination shall be uniform throughout the United States...[t]he applicant may request the presence of an attorney..." 8 C.F.R. § 335.2(a). This regulation also addresses procedure, the questioning of witnesses, issuance of subpoenas, failures to appear, etc. 8 C. F. R. § 335.2(c), (d), (3), and (4). These provisions could not apply to an entire process; thus, the regulations support the notion that "examination" refers to an discrete interview or appearance, rather than a process.

Interestingly, the regulations also contemplate that the applicant will "appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C. F. R. § 335.2(b). If the agency had followed its own regulations, the problem presented in the instant case would have been avoided. However, I suggest that any flaw in the agency's own internal process does not excuse it from complying with the relevant statutory scheme.

I suggest that the Fifth Circuit's reasoning is sound and that the term "examination" refers to the initial in-person interview conducted by a CIS officer. Therefore, I suggest that this Court properly has jurisdiction over this matter and that the motion to dismiss should be denied. This conclusion is supported by a plethora of recent district court decisions. *Elaasar v. Mueller,*

4

*III*, ___ F. Supp. 2d ___, 2007 WL 3377445, *2 (N. D. Ohio Nov. 14, 2007); *Imran v. Keisler*, ___ F. Supp. 2d ___ , 2007 WL 2948498, *2-3 (S. D. Iowa Oct. 11, 2007)*; Feldman v. Gonzales*, No. 1:07-CV-1694-RWS, 2007 WL 3477406, *2 (N. D. Ga. Nov. 14, 2007); *Mahamoud v. Mueller*, No. 2:06-CV-0415, 2007 WL 3232457, *7 (S. D. Ohio Nov. 1, 2007); *Abukwaik v. Keisler*, No. 07-04699(SDW), 2007 WL 3145955, *2 (D. N. J. Oct. 24, 2007); *Fattah v. Gonzales*, No. 4:07CV1022-DJS, 2007 WL 3119844, *2 (E. D. Mo. Oct. 23, 2007); *Salah v. Gonzales*, No. 07-0144-CV-W-FJG, 2007 WL 3094228, *3 (W. D. Mo. Oct. 19, 2007)*; Duri v. Hansen*, No. 1:07 CV 1599, 2007 WL 3125303, *4 (N. D. Ohio Oct. 19, 2007); *Ibrahim v. Gonzales,* No. 07-3099-CV-S-FJG, 2007 WL 3072170, *4 (W. D. Mo. Oct. 18, 2007); *Karar v. Frazier*, No. 07-1853 (DWF/AJB), 2007 WL 3023327, *3-4 (D. Minn. Oct. 12, 2007); *Shchepilova v. Gonzales*, No. 07-2018 (DWF/AJB), 2007 WL 2885774, *4 (D. Minn. Sept. 27, 2007); *Ali v. Gonzales*, No. 07-cv-00210-PSF-PAC, 2007 WL 2770655, *3 (D. Colo. Sept. 20, 2007); *Salhi v. United States Citizenship and Immigration Services*, No. 06-cv-01133-MSK-MJW, 2007 WL 2697462, *4 (D. Colo. Sept. 11, 2007); *Ibis v. Gonzales*, No. 07-1773 (DRD), 2007 WL 2687453, *4 (D. N. J. Sept. 10, 2007); *Aman v. Gonzales*, No. 07-cv-00223-EWN, 2007 WL 2694820, *3 (D. Colo. Sept. 10, 2007); *Somo v. Gonzales*, No. 07cv0637-WQH (NLS), 2007 WL 2700948, *2 (S. D. Cal. Sept. 10, 2007); *Salhab v. Chertoff*, No. 07-3679 (SDW), 2007 WL 2683645, *3-4 (D. N. J. Sept. 7, 2007); *Attisha v. Jenifer*, No. 07-CV-10345, 2007 WL 2637772, *3 (E. D. Mich. Sept. 6, 2007); *Chebli v. Chertoff*, No. 07-CV-10750, 2007 WL 2571967, *3 (E. D. Mich. Sept. 4, 2007).[1]

Under 8 U.S.C. § 1447(b), the court may "either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." I suggest that it

---

[1] There is a small minority that would hold that "examination" encompasses the entire process. *Hernandez Gonzalez v. Attorney General*, No. 06-1004-PHZ-SMM, 2007 WL 2786384, *2 (D. Ariz. Sept. 24, 2007).

would be inappropriate to adjudicate a naturalization application without the benefit of a completed background check; thus, remand would be most appropriate. *Imran, supra*, *3-4; *Duri, supra*, *4; *Shchepilova, supra*, *5. *But see, Attisha, supra; Chebli, supra* (ordering hearing on merits within sixty-day time period or upon notice that background check is completed).

I conclude that it is best to leave the parameters of the remand order to the discretion of the district judge, but provide the following survey of potential provisions as an aid to the Court. In its order remanding the case to the USCIS, the district court may require the USCIS to provide the court with a status report within a set time period. *Feldman, supra* (requiring status report within 90 days) or it may set a deadline for the USCIS to determine the outcome of plaintiff's naturalization application within a set time period from the completion of the background check. *Abukwaik, supra* (giving USCIS 60 days after receipt of background check results from FBI); *Fattah, supra* (requiring USCIS to decide plaintiff's naturalization application within 30 days of completion of background investigation); *Duri, supra* (requiring USCIS to adjudicate application within 120 days from completion of background check); *Ibis, supra* (encouraging FBI to expedite background check and ordering USCIS to make a decision on plaintiff's application within 60 days of completion of the background check); *Salhab, supra* (asking FBI to put forward best efforts to expedite background check and requiring USCIS to render a decision on the application within 60 days of receiving results of background check).

Some district courts have even ordered the FBI to complete background checks within a specified time period or required completion, including FBI background check, within a specified time period. *Salah, supra* (ordering the FBI to complete a background check within 60 days and the USCIS to make its decision within 30 days of the completion of the background check); *Ibrahim, supra* (requiring FBI to complete background check within 60 days and USCIS to make

6

a decision on plaintiff's application within 30 days of completion of the background check); *Karar, supra* (ordering USCIS and other defendants to complete all background checks and to fully process application within 120 days of Order); *Farbakhsh v. United States Citizenship and Immigration Services*, No. 07-1714 (MJD/SRN), 2007 WL 2908167, *3 (D. Minn. Oct. 1, 2007)(ordering USCIS to make a determination on plaintiff's application within six months of the date of the court's order); *Shchepilova, supra* (ordering USCIS to complete all background checks, fully process and issue a determination on plaintiff's application within 120 days); *Aman, supra* (ordering the FBI to complete background check within 60 days of order and USCIS to make a decision on application within thirty days of receipt of background check results from FBI); *Cf.*, *Khdir v. Gonzales*, No. 07-cv-00908-MSK-MEH, 2007 WL 3308001, *6 (D. Colo. Nov. 6, 2007)(finding court could not require FBI to conduct background check within any set period of time and setting evidentiary hearing to determine if delay was unreasonable). On the other hand, at least one district court has declined to impose any specific deadline because only the FBI and USCIS are fully aware of their own resources and abilities. *Somo, supra*, *3.

In addition, since I suggest the case be remanded to the USCIS, defendants' contentions regarding mandamus jurisdiction under 28 U. S. C. § 1361 are moot.

Accordingly, I suggest that Defendants' motion to dismiss be denied and that Defendants' alternative motion for remand be granted.

### III. <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.

*Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    s/ *Charles E Binder*
CHARLES E. BINDER
Dated: November 30, 2007    United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Robert Birach and Michael J. Hluchaniuk, and served on U.S. District Judge Ludington in the traditional manner.

Date: November 30, 2007    By    s/Patricia T. Morris
    Law Clerk to Magistrate Judge Binder