UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAZEN MOHAMMAD SHWEIKA,

    Plaintiff,

                 Case Number 07-10870-BC
v.                 Honorable Thomas L. Ludington

MICHAEL CANNON, *et al.*,

    Defendants.
                 /

## ORDER ADOPTING REPORT AND RECOMMENDATION, SUSTAINING PLAINTIFF'S OBJECTION, GRANTING IN PART DEFENDANTS' MOTION TO REMAND, REMANDING THE MATTER TO THE CITIZENSHIP AND IMMIGRATION SERVICE, ORDERING A FINAL DETERMINATION ON PLAINTIFF'S APPLICATION BY MAY 30, 2008, AND ORDERING DEFENDANTS TO SHOW CAUSE

Presently before the Court is Plaintiff Mazen Shweika's ("Plaintiff") objection to Magistrate Judge Binder's report recommending the Court remand Plaintiff's complaint to the United States Citizenship and Immigration Service ("CIS"). Plaintiff, a foreign national legally residing within the United States, filed an application to become a naturalized citizen in August of 2004. The CIS has yet to make a final determination of Plaintiff's application because the Federal Bureau of Investigation ("FBI") has not completed a necessary background check. According to the magistrate judge's report, the facts in this case are undisputed.

> Plaintiff is a permanent resident of the United States and applied for naturalization by filing the requisite forms in January of 2004. Around August 11, 2004, Plaintiff was fingerprinted at the [CIS] Application Support Center in Miami, Florida. Later in August of 2004, Plaintiff was interviewed at the USCIS Miami Office and completed and passed United States History and English exams. Plaintiff attended a second interview with Defendant Bebekov around August 15, 2005, and provided supplementary documentation as requested by the USCIS and was informed that his application was pending subject to a background check. Around October 24, 2005, Plaintiff met with Defendant Domenech [and] was informed that his application was "awaiting a FBI background check." Around December 2, 2005, Plaintiff was

> fingerprinted for a second time to aid in the background check. Plaintiff moved to Michigan in January of 2006 and he provided the USCIS with his change of address information. Plaintiff requested updates on his application several times and was told that his background check was still pending. Plaintiff has not received a decision from the USCIS regarding his naturalization application.

Dkt. # 19 at 2 (citations omitted). Plaintiff filed a complaint requesting the Court compel the FBI to complete the background check and the CIS to make a final determination on his citizenship application.

Plaintiff contends that Defendants are required to make a final determination on his citizenship status within 120 days of his initial examination. 8 U.S.C. § 1447(b). Defendants filed a motion to dismiss contending the Court lacked subject matter jurisdiction, and in the alternative, for the Court to remand to the CIS to render a decision. Dkt. # 15. Defendants assert that the 120-day period had not begun to run because the "examination," as contemplated in 8 U.S.C. § 1447(b), has not yet been completed.

The Court referred Defendants' motion to Magistrate Judge Binder for a report and recommendation, which recommended remanding the matter to CIS with "appropriate instructions." Dkt. # 19 at 5-6. Magistrate Judge Binder suggested possible instructions on remand, but did not recommend any specific instructions. *Id.* at 6-7. Plaintiff filed an objection contending that the magistrate judge erred by not recommending that Court retain jurisdiction after remanding the matter with appropriate instructions. Dkt. # 20 at 2-3. Defendants filed a response to Plaintiff's objection, but did not file an objection to the magistrate judge's report and recommendation. Dkt. # 21. Defendants' response merely states that Defendants "rely on their arguments made in the original [m]otion." *Id.*

First, Plaintiff contends that the CIS has not made a determination within 120 days of the

initial interview. Defendant contends that the 120 day period does not run until the completion of all interviews and background checks. The legal inquiry focuses on the definition of "examination" contained in 8 U.S.C. § 1447(b), which provides:

> If there is a failure to make a determination . . . before the end of the 120-day period after the date on which the examination is conducted . . . the applicant may apply to the United States district court . . . for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Plaintiff contends that "examination" refers to the initial interview process.

Magistrate Judge Binder concluded that the meaning of "examination," within the statute, is that of the initial in-person interview conducted by a CIS officer. The magistrate judge relied on the reasoning of *Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007), which held congress intended "examination" to refer to the initial interview. *Id.* at 439. *Walji* concluded that a majority of courts that have addressed this issue have reached the same conclusion.

This Court acknowledges that Congress did not clearly define "examination" in 8 U.S.C. § 1447(b) and that it is reasonable to reach a contrary conclusion with respect to its meaning. Moreover, the Court notes that it recently reached a different conclusion in another matter with respect to a similar legal question. *See Khan v. Chertoff*, 2007 U.S. Dist. 61894 (E.D. Mich. July 26, 2007) (dismissing the petitioner's writ of mandamus to compel a determination of an application for adjustment of immigration status because 8 U.S.C. § 1255(a) granted discretionary authority to the attorney general). Notwithstanding the Court's previous conclusion, Defendants did not file an objection to the magistrate judge's recommendation in the instant matter, and the Court is not required to undertake a de novo review of the magistrate judge's report in the absence of an objection. 28 U.S.C. § 636(b)(1). Thus, the Court will adopt the magistrate judge's

recommendation to deny Defendants' motion to dismiss for lack of subject matter jurisdiction and grant Defendants' motion to remand to the CIS.

Plaintiff did file an objection, however, requesting the Court retain jurisdiction and remand the matter to the CIS with instructions to process his application within a specified time limit. 8 U.S.C. § 1447(b) allows a district court to retain jurisdiction to "remand the matter, with appropriate instructions, to the [CIS] to determine the matter." Magistrate Judge Binder noted that it would be imprudent for this Court to retain jurisdiction to determine the matter, absent a FBI background check, and suggested that the Court has broad discretion to remand the matter, while retaining jurisdiction to provide oversight. *See e.g. Salah v. Gonzales*, 2007 WL 3094228, *3 (W.D. Mo. Oct. 19, 2007) (ordering the FBI to complete a background check within 60 days and the CIS to make its decision within 30 days of the completion of the background check); *Salhab v. Chertoff*, 2007 WL 2683645, *3-4 (D. N.J. Sept. 7, 2007) (asking FBI to put forward best efforts to expedite background check and requiring CIS to render a decision on the application within 60 days of receiving results of background check).

Thus, the Court will remand the matter to the CIS, instructing the CIS to make a final determination on Plaintiff's application within 90 days. In the event that Defendants do not make a final determination, the Court will order Defendants to show cause in writing why they have not done so.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 19] is **ADOPTED**.

It is further **ORDERED** Defendants' motion to dismiss is **DENIED**, or in the alternative, motion to remand [Dkt. # 15] is **GRANTED**.

It is further **ORDERED** Plaintiff Shweika's objection to the report and recommendation [Dkt. # 20] is **SUSTAINED**.

It is further **ORDERED** that the matter is **REMANDED** to the Citizenship and Immigration Service. The Court will retain jurisdiction over the matter. The Citizenship and Immigration Service shall reach a final determination on Plaintiff's immigration application **on or before May 30, 2008**. If the Citizenship and Immigration Service has failed to do so by that date, then Defendants shall show cause in writing why it has not done so **on or before June 13, 2008**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 29, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 29, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS

---